IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

CASE NO. _____

| | |
|---|---|
| STEWART N. ABRAMSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| LIFEWATCH, INC., LIFEWATCH | ) |
| SECURITY, INC. AND HARMONIOUS | ) |
| ENTERPRISES, INC. (each doing business as | ) |
| LifeWatch USA and as Home Health Alert) | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

AND NOW, come the Defendants, LifeWatch Inc., LifeWatch Security, Inc. and

Harmonious Enterprises, Inc., by and through their attorneys, Gordon & Rees LLP, and file this

Notice of Removal.

**I.      THE REMOVED CASE**

1.      On or about September 25, 2013, the Plaintiff, Stewart N. Abramson (hereinafter

"Plaintiff"), commenced this action in the Court of Common Pleas of Allegheny County,

Pennsylvania by filing a Complaint against LifeWatch Inc. and LifeWatch Security, Inc.

(hereinafter "LifeWatch") and Harmonious Enterprises, Inc. at Docket No. AR 13-004302.  A true

and correct copy of the aforementioned complaint is attached hereto as Exhibit "A."

2.      In his Complaint, Plaintiff alleges that Defendants violated a federally enacted

statute, the Telephone Consumer Protection Act (hereinafter "TCPA"), by placing pre-recorded,

unsolicited telephone calls to his home for commercial purposes.

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

3.     By letter dated September 25, 2013, Plaintiff purports to have served Defendants with a copy of the Complaint.  In accordance with 28 U.S.C. §1446 (a), a true and correct copy of Plaintiff's September 25, 2013 letter, along with all other process and pleadings "served" by Plaintiff, is attached hereto as Exhibit "B."

4.     Thus, this Notice of Removal is filed within 30 days of service of Plaintiff's Complaint and is, therefore, timely filed under 28 U.S.C. §1446(b)(2)(B).

5.     Pursuant to 28 U.S.C. §1446(d), written notice of this removal has been provided simultaneously to Plaintiff and the Clerk of the Court of Common Pleas of Allegheny County, Pennsylvania.

## III.   REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §1331

6.     In accordance with 28 U.S.C. §1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."

7.     The TCPA, a federal statute, was enacted by Congress, *inter alia*, to protect private citizens from interstate telemarketers who had previously escaped state law prohibitions on intrusive nuisance calls. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 181 L. Ed. 2d 881 (U.S. 2012).

8.     It has long been recognized that "a suit arises under the law that creates the cause of action." *Mims v. Arrow at 744.( citing American Well Works Co., v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S. Ct. 585, 60 L. Ed. 987 (1916)).  Thus, Plaintiff's suit clearly arises under the TCPA, a federal statute, which gives this Honorable Court jurisdiction of it, as the United States Supreme Court recently acknowledged in *Mims.*

9.     Removal to this district is proper under 28 U.S.C. §1441, as this action was brought in Allegheny County, Pennsylvania, which is within the Pittsburgh Division of the Western District of Pennsylvania.

10.     All fees required by law in connection with this Notice have been tendered.

11.     Defendants do not, by filing this Notice, waive any defenses that may be available to them.

Respectfully submitted,

By:     /s/ John G. Ebken

John G. Ebken, Esquire
Mark Golen, Esquire
Gordon & Rees, LLP
707 Grant Street, 38th Floor
Pittsburgh, PA  15219

Joseph Lipari, Esquire
The Sultzer Law Group
77 Water Street, 8th Floor
New York, NY  10005

*Counsel for Defendants LifeWatch, Inc., LifeWatch Security, Inc. and Harmonious Enterprises, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

CASE NO. _____

STEWART ABRAMSON,                          )
                                           )
                    Plaintiff              )
                                           )
              vs.                          )
                                           )
LIFEWATCH INC. d/b/a LIFE WATCH-USA        )

### CERTIFICATE

I HEREBY CERTIFY that a Notice of Filing of the **Notice of Removal**, together with a true

and correct copy of the **Notice** itself, was served on this 15th day of October, 2013, via first-class

mail, postage pre-paid, with the Office of the Prothonotary of the Court of Common Pleas of

Allegheny County, Pennsylvania and that a true and correct copy of said Notice was duly served on

all counsel of record via first-class mail, postage pre-paid to the following:

Stewart Abramson, Pro Se
522 Glen Arden Drive
Pittsburgh, PA  15208

Respectfully submitted,

By:____/s/ John G. Ebken_____
            John G. Ebken, Esquire
            PA ID #91031
            Mark Golen, Esquire
            PA ID #91234
            Gordon & Rees, LLP
            707 Grant Street, 38th Floor
            Pittsburgh, PA  15219

            Joseph Lipari, Esquire
            PA ID #312792
            The Sultzer Law Group
            77 Water Street, 8th Floor
            New York, NY  10005

            *Counsel for Defendants,*
            *LifeWatch, Inc., LifeWatch Security,*
            *Inc. and Harmonious Enterprises, Inc.*
            *(each doing business as LifeWatch*
            *USA and Home Health Alert)*