## TO THE WRIT CLERK:
## A WRIT IS HEREBY WAIVED. DO NOT ISSUE A NOTICE OF SUIT DIRECTED TO THE SHERIFF BECAUSE NONE OF THE DEFENDANTS IN THIS CASE ARE LOCATED WITHIN PENNSYLVANIA

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Stewart N. Abramson<br>    Plaintiff<br><br>    v.<br><br>LifeWatch, Inc.<br>LifeWatch Security, Inc.<br>Harmonious Enterprises, Inc.<br>   (each doing business as LifeWatch USA<br>    and as Home Health Alert)<br>        Defendants | )<br>)<br>)     CIVIL DIVISION<br>)     ARBITRATION DOCKET<br>)     No. AR-13-004302<br>)<br>)<br>)<br>)<br>)<br>) |

TYPE OF PLEADING:
Plaintiff's Original Complaint

FILED BY:
Stewart N. Abramson
Plaintiff

Counsel of Record:
Stewart N. Abramson, Pro Se

ADDRESS:
522 Glen Arden Drive
Pittsburgh, PA  15208
412-362-4233 (voice)
412-362-7668 (fax)



EXHIBIT A

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN OBTAIN LEGAL HELP. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE.

LAWYER REFERRAL SERVICE – THE ALLEGHENY COUNTY BAR ASSOCIATION
920 CITY-COUNTY BUILDING – 414 GRANT STREET
PITTSBURGH, PENNSYLVANIA 15219
412-261-5555

## HEARING NOTICE

YOU HAVE BEEN SUED IN COURT. The above Notice To Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice To Defend, a hearing before a board of arbitrators will take place in Room 702 of the City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania on _____**November 8, 2013**_____, at 9:00 AM. IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.

## DUTY TO APPEAR AT THE ARBITRATION HEARING

If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

**NOTICE:** YOU MUST RESPOND TO THIS COMPLAINT WITHIN TWENTY (20) DAYS OR A JUDGMENT FOR THE AMOUNT CLAIMED MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.

IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD IMMEDIATELY BEFORE A JUDGE WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Stewart N. Abramson<br>　　Plaintiff<br><br>　　　v.<br><br>LifeWatch, Inc.<br>LifeWatch Security, Inc.<br>Harmonious Enterprises, Inc.<br>　(each doing business as LifeWatch USA<br>　and as Home Health Alert)<br>　　Defendants | CIVIL DIVISION<br>ARBITRATION DOCKET<br>No. AR-13-004302 |

## PLAINTIFF'S ORIGINAL COMPLAINT

### The Facts Related to this Case:

1. At all times material, Plaintiff Stewart N. Abramson (hereinafter referred to as Plaintiff and/or Abramson) was and is an individual residing in Allegheny County, Pennsylvania at 522 Glen Arden Drive, Pittsburgh, PA 15208.

2. At all times material, Defendant LifeWatch, Inc. (hereinafter referred to as Defendant and/or LifeWatch) was registered with the New York Department of State (DOS ID # 2089016). The address for LifeWatch was listed as 266 Merrick Road, Lynbrook Road, Lynbrook, NY 11463.

3. At all times material, Defendant LifeWatch Security, Inc. (hereinafter referred to as Defendant and/or LifeWatch Security) was registered with the New York Department of State (DOS ID # 4398180). The address for LifeWatch Security was listed as 266 Merrick Road, Lynbrook Road, Lynbrook, NY 11563.

4. At all times material, Defendant Harmonious Enterprises, Inc. (hereinafter referred to as Defendant and/or Harmonious Enterprises) was registered with the New York Department of State (DOS ID # 4354728). The address for Harmonious Enterprises was listed as 37 West 47th Street, #201, New York, NY 10036.

5. At all times material, Defendants LifeWatch, LifeWatch Security, and/or Harmonious Enterprises did business together as a single common enterprise.

6. At all times material, Defendants LifeWatch, LifeWatch Security, and Harmonious Enterprises each did business as the apparently unregistered fictitious business name of "LifeWatch USA".

7. At all times material, Defendants LifeWatch, LifeWatch Security, and Harmonious Enterprises each did business as the apparently unregistered fictitious business name of "Home Health Alert".

8. At all times material, defendants LifeWatch, LifeWatch Security, and Harmonious Enterprises each did business using the Internet web site www.lifewatch-usa.com.

9. At all times material, defendants LifeWatch, LifeWatch Security, and Harmonious Enterprises each did business using the telephone numbers 888-650-6837 and 800-716-1433.

10. On 8/20/13, at approximately 11:47 AM, Plaintiff received a telemarketing call on his residential home telephone line (hereinafter referred to as **CALL 1**). The caller ID number associated with **CALL 1** was 412-196-4852.

11. On 8/20/13, at approximately 3:54 PM, Plaintiff received a telemarketing call on his residential home telephone line (hereinafter referred to as **CALL 2**). The caller ID number associated with **CALL 2** was 412-196-4852.

12. On 8/21/13, at approximately 4:38 PM, Plaintiff received a telemarketing call on his residential home telephone line (hereinafter referred to as **CALL 3**). The caller ID number associated with **CALL 3** was 412-196-4852.

13. On 8/23/13 at approximately 12:53 PM, Plaintiff received a telemarketing call on his residential home telephone line (hereinafter referred to as **CALL 4**). The caller ID number associated with **CALL 4** was 412-196-4852.

14. Each of the above-mentioned calls (ie. **CALL 1** through **CALL 4**) was initiated to deliver the following prerecorded message in a female voice:

    "Every year it is estimated that thirty percent of the senior population accidentally falls. Many of these falls are serious and require medical attention. Now a new program designed to help keep seniors safe and more protected is available for a short time. Don't become a helpless victim lying on the floor without options. You may qualify to receive a free medical emergency alert system. To find out if this program is available in your area press one now. Press five to be removed, but to feel more protected, twenty four hours a day, seven days a week, press one now."

15. After listening to the prerecorded messages Plaintiff followed the instructions and pressed one on his telephone so that he could identify the caller. Plaintiff was thereby sold goods and/or services that were provided by Defendants LifeWatch and/or LifeWatch Security, and Plaintiff was charged for those goods and/or services by Defendant Harmonious Enterprises.

**The Law Related to this Case:**

16. The Telephone Consumer Protection Act of 1991 (47 USC 227), and the Federal Communication Commission's (FCC's) rules promulgated under that Act (47 CFR 64.1200, 64.1601, and 68.318), are hereinafter referred to collectively as the TCPA.

17. The TCPA is a Federal Act of Congress that provides individuals with a private right of action in their State Courts. The Court of Common Pleas of Allegheny County is an appropriate State Court to hear a cause of action brought under the TCPA (*Abramson v. Aegis Ins. Agency, Inc.*, 153 P.L.J. 174, 2005 TCPA Rep. 1362, 2005 WL 5088151).

18. It is the initiation of telephone calls for the furtherance of a business purpose without consent that constitutes a violation of the TCPA, and the Commonwealth of Pennsylvania retains personal jurisdiction over Defendants located in foreign States even if those Defendants are alleged to have directed only a single telephone solicitation or unsolicited advertisement into Pennsylvania in violation of the TCPA (*Abramson v. Perfekt Marketing*, 2007 TCPA Rep. 1547; *Abramson v. Royalty Holidays*, 2006 TCPA Rep. 1447, AR-05-008412, C.P. Allegheny County, PA, Memorandum Order, Judge Wettick, April 4, 2006).

19. Plaintiff intends to serve Defendants located outside the Commonwealth of Pennsylvania by certified mail, return receipt requested, pursuant to Pa. R.C.P. 402, 403, 404, 405, and 424 (*Abramson v. Satellite Systems Network*, AR-05-001510, Memorandum Order, Judge Wettick, April 15, 2005; *Reichert v. TRW*, 385 Pa. Super. 416, 561 A.2d. 745 (1989), reviewed on other grounds, 531 pa. 193, 611 A.2d. 1191 (1992); Goodrich-Amram, Standard Pennsylvania Practice, 2d, sections 403:1, 404(2):1, and 424:4 (2001)).

20. The FCC's rules at 47 CFR 64.1200(a)(2), 47 CFR 64.1200(b)(1), 47 CFR 64.1200(b)(2), and 47 CFR 64.1601(e)(i) were promulgated under 47 USC 227(b).

21. The FCC's rules at 47 CFR 64.1200(a)(2) state that:

    (a) No person or entity may:
      (2) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call:
        (i) Is made for emergency purposes,
        (ii) Is not made for a commercial purpose,
        (iii) Is made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation,
        (iv) Is made to any person with whom the caller has an established business relationship at the time the call is made, or
        (v) Is made by or on behalf of a tax-exempt nonprofit organization.

22. The term "telephone solicitation" is defined at 47 CFR 64.1200(f)(9) as follows:

    "The term telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message: (i) to any person with that person's prior express invitation or permission, (ii) to any person with whom the caller has an established business relationship, or (iii) by or on behalf of a tax exempt nonprofit organization."

23. The term "unsolicited advertisement" is defined at 47 CFR 64.1200(f)(10) as follows:

    "The term unsolicited advertisement means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission."

24. The FCC's rules at 47 CFR 64.1200(b)(1) and 47 CFR 64.1200(b)(2) state that:

    (b) All artificial or prerecorded telephone messages shall:
    (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated, and
    (2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges. For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regular business hours for the duration of the telemarketing campaign.

25. The FCC's rule at 47 CFR 64.1601(e)(i) states that:

    (e) Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(7) must transmit caller identification information.
    (i) For purposes of this paragraph, caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.

26. The term "telemarketing" is defined at 47 CFR 64.1200(f)(7) as:

    "The initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."

27. The TCPA provides a private right of action at 47 USC 227(b)(3) for violations of 47 CFR 64.1200(a)(2), 47 CFR 64.1200(b)(1), 47 CFR 64.1200(b)(2), and 47 CFR 64.1601(e)(i) which states that:

    A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
    - (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
    - (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
    - (C) both such actions.

    If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

28. The term "willful" is defined at 47 USC 312(f)(1) as:

    "The conscious and deliberate commission or omission of [an] act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act."

## Prayer for Relief:

29. Plaintiff alleges that Defendants LifeWatch, LifeWatch Security, Harmonious Enterprises, and/or an entity acting on their behalf, initiated **CALL 1, CALL 2, CALL 3,** and **CALL 4** to Plaintiff's residential telephone line.

30. Plaintiff alleges that **CALL 1, CALL 2, CALL 3,** and **CALL 4** were each deliberately initiated to deliver a prerecorded message to Plaintiff's residential telephone line without Plaintiff's prior express consent, in violation of 47 CFR 64.1200(a)(2).

31. Plaintiff alleges that **CALL 1, CALL 2, CALL 3,** and **CALL 4** were each deliberately initiated to deliver a prerecorded message that failed to provide any identification about the caller, in violation of 47 CFR 64.1200(b)(1).

32. Plaintiff alleges that **CALL 1, CALL 2, CALL 3,** and **CALL 4** were each deliberately initiated to deliver a prerecorded message that failed to provide a telephone number for the caller, in violation of 47 CFR 64.1200(b)(2).

33. Plaintiff alleges that **CALL 1, CALL 2, CALL 3,** and **CALL 4** were each deliberately initiated to deliver a prerecorded message that failed to provide a caller identification number that could be used to place a do-not-call request, in violation of 47 CFR 64.1601(e)(i).

34. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court award the minimum mandatory statutory damages of $2,000.00 from Defendants LifeWatch, LifeWatch Security, and Harmonious Enterprises for 4 separate violations of 47 CFR 64.1200(a)(2).

35. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court award the minimum mandatory statutory damages of $2,000.00 from Defendants LifeWatch, LifeWatch Security, and Harmonious Enterprises for 4 separate violations of 47 CFR 64.1200(b)(1).

36. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court award the minimum mandatory statutory damages of $2,000.00 from Defendants LifeWatch, LifeWatch Security, and Harmonious Enterprises for 4 separate violations of 47 CFR 64.1200(b)(2).

37. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court award the minimum mandatory statutory damages of $2,000.00 from Defendants LifeWatch, LifeWatch Security, and Harmonious Enterprises for 4 separate violations of 47 CFR 64.1601(e)(i).

38. Plaintiff alleges that the actions and omissions of Defendants LifeWatch, LifeWatch Security, and Harmonious Enterprises were conscious and deliberate, and that they violated 47 CFR 64.1200(a)(2), 47 CFR 64.1200(b)(1), 47 CFR 64.1200(b)(2), and 47 CFR 64.1601(e)(i) of the TCPA willfully.

39. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court treble the requested minimum mandatory statutory damages of $8,000.00 to the maximum statutory damages allowed by law of $24,000.00.

**WHEREFORE**, Plaintiff requests judgment in his favor, and against Defendants LifeWatch Inc., LifeWatch Security Inc., and Harmonious Enterprises Inc., jointly and severally, for $24,000.00 plus all reasonable court costs and attorney's fees.

__ e-filed:  Stewart Abramson __      _____9/25/13_____
Stewart N. Abramson, Plaintiff                                 Date

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Stewart N. Abramson<br>    Plaintiff<br><br>v.<br><br>LifeWatch, Inc.<br>LifeWatch Security, Inc.<br>Harmonious Enterprises, Inc.<br>  (each doing business as LifeWatch USA<br>  and as Home Health Alert)<br>    Defendants | )<br>)<br>)<br>)  CIVIL DIVISION<br>)  ARBITRATION DOCKET<br>)  No. AR-13-004302<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFICATION

Plaintiff Stewart N. Abramson verifies, pursuant to 18 Pa. C.S. Section 4904, that the facts set forth in the foregoing Plaintiff's Original Complaint are true and correct to the best of his knowledge, information and belief.

| | |
|---|---|
| __e-filed: Stewart Abramson__<br>Stewart N. Abramson, Plaintiff | __9/25/13__<br>Date |